IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER** <br><br> **Plaintiff,** <br><br> v. <br><br> **SMARTFINANCIAL.COM INSURANCE LLC** **dba SMARTFINANCIAL INSURANCE,** an Ohio Limited Liability Company <br><br> **Defendant.** | § § § § § § § § § § § § § | Case No.  **EP-26-cv-01038-KC** |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1.      Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, a resident of El Paso County, Texas, and was present in El Paso County, Texas at all times relevant to this Complaint.

2.      Defendant SMARTFINANCIAL.COM INSURANCE LLC dba SMARTFINANCIAL INSURANCE ("SmartFinancial" or "Defendant") is a limited liability company organized and existing under the laws of Ohio and can be served via its registered agent Paracorp Incorporated, 14001 W Hwy 29, Liberty Hill, TX 78642.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Count I under 28 U.S.C. § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.  *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

4.      The Court has pendant jurisdiction over the Texas Business and Commerce Code claims

1

under 28 U.S.C § 1367.

5.      This Court has specific personal jurisdiction over Defendant because Defendant purposefully availed itself of the State of Texas and of this District, and there is a sufficient relationship between Defendant's purposeful contacts with Texas and the litigation.

        a.  Defendant targets Texas when marketing insurance services and regularly conduct business in this District, including by telephone solicitation.

        b.  Defendant sent phone calls to Plaintiff's El Paso, Texas area phone number with area code 915 to generate leads for Defendant.

        c.  Defendant purposefully spoofed Plaintiff's 915-area code phone number and availed itself of Texas.

        d.  The purposeful phone calls to Texas injured Plaintiff in Texas, creating a causal link between Defendants, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support the specific personal jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

6.      This Court has specific personal jurisdiction over Defendant because Plaintiff brings claims under Texas Business and Commerce Code Chapter 301. Venue for an action brought under this chapter is in the county in which the consumer telephone call was received. TBCC § 301.105(2). Giving Texas specific personal jurisdiction over Defendant under Texas law.

7.      Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and because the Plaintiff resides in this District.

**TEXAS BUSINESS AND COMMERCE CODE CHAPTER 301**

8.      "Automated dial announcing device" ("ADAD") means automated equipment used for telephone solicitation or collection that store telephone numbers to be called through use of a

random or sequential number generator and convey, alone or in conjunction with other equipment, a prerecorded or synthesized voice message to the number called without the use of a live operator. TBCC § 301.001(1)(A-B).

9.      A telephone solicitor may not make a consumer telephone call to a consumer unless the telephone solicitor, immediately after making contact with the consumer to whom the call is made, identifies himself or herself by name, the business on whose behalf the telephone solicitor is calling, and the purpose of the call. TBCC § 301.051(b)(A-C).

10.     A consumer injured by a violation of this chapter may bring an action for recovery of damages. TBCC § 301.104.

11.     A consumer injured by a violation of this chapter may bring an action for recovery of damages. The damages awarded may not be less than the amount the consumer paid the person who sold the consumer goods or services through the use of the telephone solicitor, plus reasonable attorney's fees and court costs.

12.     Venue for an action brought under this chapter is in the county in which the consumer's telephone call was received. TBCC § 301.105(2).

### TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302

13.     "Telephone call" has the meaning assigned by Section 304.002. TBCC § 302.001(6-a).

14.     "Telephone solicitation" means a call or transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to induce a person to purchase, rent, claim, or receive an item. Tex. Bus. & Com. Code § 302.001(7).

15.     An "item" is defined as a property or service." Tex. Bus. & Com. Code § 302.001(1).

16. A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation. Tex. Bus. & Com. Code § 302.002.

17. A "seller" is defined as "A person who makes a telephone solicitation on the person's on behalf." Tex. Bus. & Com. Code §302.001(5).

18. A "salesperson" is defined as "A person who is employed or authorized by a seller to make a telephone solicitation." Tex. Bus. & Com. Code §302.001(4).

19. A person commits an offense if the person knowingly acts as a salesperson on behalf of a seller who violates the registration requirements of this chapter. Tex. Bus. & Com. Code §302.252(a).

20. When a telephone solicitation is made and before consummation of any sales transaction, a seller shall provide to each purchaser the complete street address of the location from which the salesperson is calling the purchaser and if different, the complete street address of the seller's principal location. TBCC § 302.202(1).

21. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. TBCC § 302.003(b)

22. Federal common law principles of agency apply to TBCC violations…and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller. *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-cv-235, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *see also Callier v. Tip Top Cap. Inc.*, No. EP-23-cv-437, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024) (holding that a seller violates § 302.101 when a telemarketer makes calls on behalf of a seller who does not hold a registration certificate); *Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-401, 2023 WL 9199001, at *6 (E.D. Tex.

Dec. 27, 2023) (same); *Salaiz v. Beyond Fin., LLC*, No. EP-23-cv-6, 2023 WL 6053742, at *5 (W.D. Tex. Sept. 18, 2023) (refusing to dismiss a § 302.101 claim because "Plaintiff has plausibly alleged that Defendant effected or attempted to effect the thirteen calls Plaintiff received by hiring telemarketers to make those calls.").

23.     The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees.

24.     Texas Business and Commerce Code § 302.101 provides a private right of action.  A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302."  Tex. Bus. & Com. Code § 302.303.

25.     The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish."  Tex. Bus. & Com. Code § 17.50.

### TEXAS BUSINESS AND COMMERCE CODE CHAPTER 304

26.     In making a telemarketing telephone call, a telemarketer may not block the identity of the telephone number from which the call is made to evade a device designed to identify a telephone caller. Tex. Bus. & Com. Code § 304.151(a).

27.     A telemarketer may not cause misleading information to be transmitted to a recipient's caller identification service or device to otherwise misrepresent the origin of a telemarketing call. Tex. Bus. & Com. Code § 304.151(b)(3).

28.     The consumer may bring a civil action based on the second or subsequent violation of Subchapter B if the consumer has notified the telemarketer of the alleged violation. Tex. Bus. &

Com. Code § 304.257(a)(1).

29.     If the consumer brings an action based on a violation of Section 304.052 and the court finds that the defendant willfully or knowingly violated that section, the court may award damages in an amount not to exceed $500 for each violation.

30.     The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 304.005(b).

### TEXAS BUSINESS AND COMMERCE CODE CHAPTER 305

31.     A person may not make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call.  Tex. Bus. & Com. Code § 305.001(1).

32.     A person may not make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if the called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device. Tex. Bus. & Com. Code § 305.001(2).

33.     A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

34.     A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

35.     If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation or three times the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(c)(1-2).

36.     The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055

### FACTUAL ALLEGATIONS

37.     Defendant is a company that markets insurance services via a website located at https://smartfinancial.com.

38.     Defendant is not a licensed insurance company. Defendant's principal product is lead generation.

39.     Defendant is a company that sells insurance leads as its principal product.

40.     Defendant sells leads and is compensated for those leads by building in the cost of the leads into the cost of the insurance quotes.

41.     Defendant business model involves placing anonymous prerecorded phone calls to consumers. Upon answering the phone call the consumer is solicited for a car insurance quote.

42.     Defendant's employees then make an "inbound phone call on behalf of" the consumer. This phone call is made to an agent of Defendant's website at https://smartfinancial.com.

43.     Prior to making the incoming phone call on behalf of the consumers, Defendant coaches the consumer and tells them

   a.  "Don't say someone called you."

   b.  "Don't say you were transferred."

    **c.** "Tell them (the agent to whom the consumer is being transferred) that you called to get an insurance quote."

44. Defendant begins recording the phone call ***AFTER*** the call is transferred so that the recording does not contain the law violating prerecorded messages.

45. Defendant coaches the consumer to make it appear as though the consumer initiated the phone call when Defendant begins recording upon the transfer of the phone call to Defendant's agent at https://smartfinancial.com.

46. Defendant has orchestrated a scheme to avoid TCPA liability by coaching consumers to say the consumer initiated the phone call and only beginning the recordings after the consumer has been coached to say the "right" things on the recordings.

47. Defendant has created a premeditated scheme to send out prerecorded messages and avoid TCPA liability by creating plausible deniability.

48. Plaintiff received a series of prerecorded solicitation phone calls to his business cell phones 915-334-1830 and 915-213-0794.

49. Defendant used an ADAD to deliver each of the prerecorded messages in this Complaint.

50. Defendant did not have Plaintiff's consent to send the prerecorded calls.

51. Plaintiff did not have a pre-existing business relationship with Defendant.

52. Each of the phone calls was a solicitation that marketed car insurance.

53. Plaintiff received a series of prerecorded phone calls that contained a prerecorded message that stated:

> "Hi, are you there? This is Hannah from Vehicle Insurance Center. The reason for my call is that there have been recent pricing adjustments on personal vehicle coverage. In some cases, reductions of up to 70%. I just wanted to make sure you're not overpaying compared to what's available. So, do you own a vehicle?"

54. Defendant improperly states the company name as "Vehicle Insurance Center" in the

8

prerecorded message.

55.    Plaintiff answered each of the phone calls in Table A below, and the same exact

prerecorded message played during each phone call.

56.    Each of the phone calls utilized a spoof caller identification with a 915-area code phone

number as detailed in Table A.

57.    Table A details each of the prerecorded calls received with the prerecorded "Hannah"

message.

**TABLE A**

| #: | Date: | Time: | Caller ID: | Note: |
|---|---|---|---|---|
| 1. | 02/25/2026 | 9:07 AM | 915-877-3879 | "Hannah from Vehicle Insurance Center" |
| 2. | 03/13/2026 | 2:17 PM | 915-260-9870 | "Hannah from Vehicle Insurance Center" |
| 3. | 03/17/2026 | 12:03 PM | 915-955-5081 | "Hannah from Vehicle Insurance Center" |
| 4. | 03/19/2026 | 12:23 PM | 915-990-2383 | "Hannah from Vehicle Insurance Center" |
| 5. | 03/19/2026 | 3:28 PM | 915-248-1817 | "Hannah from Vehicle Insurance Center" |
| 6. | 03/23/2026 | 9:47 AM | 915-205-9791 | "Hannah from Vehicle Insurance Center" |
| 7. | 03/26/2026 | 7:42 AM | 915-225-1917 | "Hannah from Vehicle Insurance Center" |
| 8. | 03/27/2026 | 10:27 AM | 915-703-2327 | "Hannah from Vehicle Insurance Center" |
| 9. | 03/31/2026 | 9:53 AM | 915-268-1934 | "Hannah from Vehicle Insurance Center" |
| 10. | 04/02/2026 | 9:12 AM | 915-357-1842 | "Hannah from Vehicle Insurance Center" |
| 11. | 04/09/2026 | 9:12 AM | 915-289-2790 | "Hannah from Vehicle Insurance Center" |
| 12. | 04/09/2026 | 2:37 PM | 915-295-6916 | "Hannah from Vehicle Insurance Center" |
| 13. | 04/09/2026 | 5:12 PM | 915-296-7972 | "Hannah from Vehicle Insurance Center" |
| 14. | 04/10/2026 | 8:39 AM | 915-626-3501 | "Hannah from Vehicle Insurance Center" |

58. On March 13, 2026, Plaintiff received a phone call that displayed 915-260-9870 on Plaintiff's caller identification. Plaintiff answered the phone call, and the "Hannah from Vehicle Insurance Center" message began to play.

59. Plaintiff, in an effort to learn the identity of the company behind the prerecorded phone call, played along and went about the process of getting a car insurance quote.

60. Plaintiff was asked qualifying questions about his driving record, current insurance status, homeowner status, age, and other qualifying questions.

61. Plaintiff was connected to an agent who stated, "Thank you for calling Smartfinancial with your auto insurance needs. This is Serena on a recorded line."

62. Plaintiff was transferred by Serena to May Dennison ("Dennison"), an agent with Allstate, who finished the process and emailed Plaintiff a car insurance quote.

63. On March 31, 2026, Plaintiff emailed Dennison and asked for the name and contact information of the company that sent the prerecorded message to Plaintiff. Dennison replied, "We got the call transferred to us by a lead vendor called Smart Financial. From what I can find, they can be reached at info@smartfinancial.com by email," revealing Defendant as the source of the phone calls.

64. Dennison revealed Defendant as the source of the prerecorded "Hannah" calls.

65. As detailed in Table B, Plaintiff received a series of prerecorded phone calls that stated:

> "Hi, are you there? It's Katherine from Vehicle Insurance Center. I'm reaching out because of a recent pricing revision that's impacting vehicle protection plans. In some cases, monthly costs have come down significantly and we're offering a quick comparison to see if any savings apply. You currently own a vehicle, right?"

66. TABLE B displays all of the "Katherine" phone calls received from Defendant:

**TABLE B**

| #: | Date: | Time: | Caller ID: | Note: |
|---|---|---|---|---|
| **1.** | 02/25/2026 | 2:41 PM | 915-877-3879 | Katherine prerecorded |
| **2.** | 03/16/2026 | 2:26 PM | 915-260-9870 | Katherine prerecorded |
| **3.** | 03/18/2026 | 3:41 PM | 915-955-5081 | Katherine prerecorded |
| **4.** | 03/31/2026 | 8:06 AM | 915-289-9208 | Katherine – 915-213-4374 |

67.    On March 31, 2026, Plaintiff received a phone call that displayed 915-289-9208, on Plaintiff's caller identification. Plaintiff answered the phone call and the same message as in paragraph 52 began to play. Plaintiff gave the phone to his employee to get a quote for proof of the source of the call.

68.    Plaintiff's employee was connected to a telemarketer who asked a series of qualifying questions before transferring Plaintiff's employee to insurance agent Nick Taylor ("Taylor"). Taylor completed the sales process and sent emailed a quote.

69.    On April 1, 2026, Plaintiff sent an email to Taylor asking about the origin of the prerecorded "Katherine" phone call.

70.    On April 1, 2026, Taylor replied to Plaintiff's email stating that,

> "Based on our records, the transfer occurred on March 31, 2026, at 9:14 in the morning and we have documentation confirming the call was routed to us by the vendor. We also maintain a recording of the interaction on our end. The vendor associated with this transfer is Smart Financial. They are responsible for their outbound marketing practices, including any prerecorded outreach."
>
> Note: the time difference between Plaintiff's table log and Taylor response is related to Plaintiff living in Mountain time and Taylor being in Central time.

71.    Taylor confirmed Defendant was responsible for the "Katherine" phone calls.

72.    Plaintiff received a series of prerecorded phone calls from "Grace" that stated:

"Hi, are you there? Grace here calling on behalf of Vehicle Insurance Center. I'm the local analyst assigned to the regional rate drop file. I was just calling to see if happened to get that notice regarding the 2026 premium inflation credits for auto insurance."

73.    TABLE C Displays each of the "Grace" phone calls received from Defendant:

**TABLE C**

| #: | Date: | Time: | Caller ID: | Note: |
|---|---|---|---|---|
| 1. | 02/25/2026 | 10:47 AM | 915-294-4352 | Grace – prerecorded |
| 2. | 03/16/2026 | 3:51 PM | 915-268-1630 | Grace – prerecorded |
| 3. | 03/16/2026 | 3:52 PM | 915-268-1630 | Grace – prerecorded |
| 4. | 03/16/2026 | 4:17 PM | 915-237-4959 | Grace – prerecorded |
| 5. | 03/31/2026 | 11:32 AM | 915-777-3165 | Grace – 915-213-4374 |

74.    On March 31, 2026, Plaintiff received a phone call that displayed 915-777-3165 on Plaintiff's caller identification. Plaintiff answered the phone call, and the same message as in paragraph 59 began to play. Plaintiff gave the phone to his employee to get a quote for proof of the source of the call.

75.    Plaintiff's employee was connected to a telemarketer who asked a series of qualifying questions before transferring Plaintiff's employee to insurance agent Juan Vela ("Vela"). Vela completed the sales process and emailed a quote.

76.    On April 1, 2026, Plaintiff sent an email to Vela and Brian Burds ("Burds") asking about the origin of the prerecorded "Grace" phone call. Burds is the owner of the insurance agency where Vela is employed.

77.    On April 2, 2026, Burds replied to Plaintiff's email stating, "I apologize for the multiple calls you received. We obtained your contact information from a live call transfer via our lead

12

provider, SmartFinancial.com."

78.     Burds confirmed Defendant as the source of the prerecorded "Grace" phone calls.

79.     On April 2, 2026, Plaintiff searched the Texas Secretary of State website at

https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and did not find a valid Texas

telephone solicitation registration.

80.     Plaintiff called each of the phone calls listed on Table A, Table B, and Table C. None of

the phone calls connected to Defendant, indicating each of the phone calls had used spoofed

caller identification.

81.     The March 26, 2026, phone call came in before 9 AM local time at 7:42 AM local time.

82.     The March 31, 2026, phone call came in before 9 AM local time at 8:06 AM local time.

83.     The April 10, 2026, phone call came in before 9 AM local time at 8:49 AM local time.

84.     On April 1, 2026, Plaintiff sent notice to Defendant via email of the unauthorized

prerecorded solicitation phone calls.

85.     On April 2, 2026, Defendant's General Counsel, Kevin Rockoff ("Rockoff") responded

to Plaintiff's email and acknowledged receipt.

86.     On April 9, 2026, Plaintiff emailed Defendant and alerted Defendant of continued phone

calls.

87.     Defendant did not properly state the name of the company or the purpose of the calls

upon contact with Plaintiff on any of the phone calls.

88.     Defendant is not registered to telephone solicit in Texas.

89.     Defendant does not qualify for an exemption to the registration requirement.

90.     Defendant did not send prerecorded messages by happenstance. Defendant took

meaningful deliberate actions to send prerecorded messages:

a.  Defendant purchased equipment capable of recording prerecorded messages;

b.  Defendant trained their employees on how to use the equipment;

c.  Defendant drafted, and approved prerecorded message scripts;

d.  Defendant recorded the prerecorded messages;

e.  Defendant disseminated the prerecorded messages;

f.  The prerecorded messages purposefully did not mention the real name of the company in the prerecorded message because Defendant knew the prerecorded message was in violation of the Telephone Consumer Protection Act.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE FAILURE TO RETURN PLAINTIFF'S MONEY**

91.    Defendant's calls harmed Plaintiff by causing the very harm that the Texas Legislature sought to prevent.

92.    Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

93.    Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

94.    Plaintiff has been harmed, injured, and damaged by the calls, including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

95.    Plaintiff incurred increased electric bills as a result of more frequent charging of his cell phone related to the unauthorized phone calls

**CAUSES OF ACTION**

**COUNT ONE**:
**Non-Emergency Prerecorded Call to Cellular Telephones, 47 U.S.C. 227(b)(1)(A)(iii)**

14

96. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-88.

97. The foregoing acts and omissions of Defendant and/or their affiliates or agent constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by making non-emergency telemarketing prerecorded phone calls to Plaintiff's cellular telephone numbers without his prior express consent.

98. Plaintiff was statutorily damaged at least twenty-three (23) times under 47 U.S.C § 227(b)(3)(B) by Defendant by the telephone calls described above, in the amount of $500.00 per call.

99. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damages amount as permitted under U.S.C. § 227(b)(3)(C) for this willful or knowing violation

## COUNT TWO:
### Violations of Texas Business Commerce Code 302.101
### (Failure to Obtain a Telephone Solicitation Registration Certificate)

100. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-99.

101. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making twenty-three (23) non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

102. Plaintiff is entitled to an award of up to $5,000 in damages for each violation. Texas Business and Commerce Code 302.302(a).

103. Plaintiff is entitled to an award of all reasonable costs of prosecuting the action, including

court costs, investigation costs, deposition expenses, witness fees, and attorney's fees.  Texas

Business and Commerce Code 302.302(d).

## COUNT THREE:
### Violations of Texas Business and Commerce Code § 301.051(b)(1)(A-C)
### (Failure to Identify)

104.   Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs

1-103.

105.   Defendant did not immediately, after making contact with the consumer to whom the call

is made, identify himself or herself by name, the business on whose behalf the telephone solicitor

is calling, and the purpose of the call. TBCC § 301.051(b)(A-C).

106.   Defendant deliberately used a misleading name that confused Plaintiff as to the origin of

the phone calls.

107.   Plaintiff was damaged at least twenty-three (23) times by Defendant.

108.   A consumer injured by the chapter may bring an action for recovery of damages. The

damages may not be less than the amount the consumer paid the person who sold the consumer

good or services through the use of the telephone solicitor. Tex. Bus. Com. Code § 301.104.

109.   Plaintiff seeks damages in the amount of $5,000 per violating phone call.

## COUNT FOUR:
### Violations of Texas Business and Commerce Code 305.053
### Prerecorded Phone Calls in Violation of 47 U.S.C. 227(b)

110.   Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs

1-109.

111.   Defendant placed at least twenty-three (23) prerecorded phone call to Plaintiff in

violation of 47 U.S.C. § 227(b).

16

112.    A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates that communication. Tex. Bus. Com. Code § 305.053.

113.    Plaintiff was statutorily damaged at least twenty-three (23) times under 47 U.S.C § 227(b)(3)(B) by Defendant by the telephone calls described above, in the amount of $500.00 per call. Tex. Bus. Com. Code § 305.053(b)(1).

114.    If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation. Tex. Bus. Com. Code § 305.053(c)(1).

115.    The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. Com. Code § 305.055.

**COUNT FIVE**
**Violations of Texas Business and Commerce Code 304.151(b)(3)**
**Spoofed Caller Identification**

116.    Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-115.

117.    In making a telemarketing call, a telemarketer may not cause misleading information to be transmitted to a recipient's caller identification service or device to otherwise misrepresent the origin of a telemarketing call. Tex. Bus. & Com. Code § 304.151(b)(3).

118.    Defendant sent at least twenty-three (23) phone calls to Plaintiff's caller identification service utilizing a spoofed 915 area code number.

17

119. The consumer may bring a civil action based on the second or subsequent violation of Subchapter B if the consumer has notified the telemarketer of the alleged violation. Tex. Bus. & Com. Code § 304.257(a)(1).

120. A consumer may bring a civil action based on the second or subsequent violation of Subchapter B if the consumer has notified the telemarketer of the alleged violation. Tex. Bus. & Com. Code § 304.257(a)(1).

121. If the consumer brings an action based on a violation of Section 304.052 and the court finds that the defendant willfully or knowingly violated that section, the court may award damages in an amount not to exceed $500 for each violation. Tex. Bus. & Com. Code § 304.257(b).

## COUNT SIX
### Violations of Texas Business and Commerce Code § 301.051(b)(2)
### Phone calls before 9 AM Local Time

122. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-121.

123. Defendant called Plaintiff's cell phone number before 9 AM local time, on three (3) occasions, which violated Texas Business and Commerce Code § 301.051(b)(2).

124. A consumer injured by the chapter may bring an action for recovery of damages. The damages may not be less than the amount the consumer paid the person who sold the consumer goods or services through the use of the telephone solicitor. Tex. Bus. Com. Code § 301.104.

125. Plaintiff seeks damages in the amount of $5,000 per violating phone call.

126. Venue for an action brought under this chapter is in the county in which the consumer telephone call was received. TBCC § 301.105(2).

## PRAYER FOR RELIEF

18

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the Defendant as follows:

A.    Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.    A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C.    An award of $1,500 per call in statutory damages arising from the TCPA 47 U.S.C. 227(b) intentional violations for twenty-three (23) calls;

D.    An award of $5,000 per call in statutory damages arising from violations of Texas Business and Commerce Code 302.101 for twenty-three (23) calls;

E.    An award of $5,000 per phone call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 301.051(b)(1)(A-C) for twenty-three (23) phone calls;

F.    An award of $5,000 per phone call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 301.051(b)(2) for three (3) phone calls;

G.    An award of $1,500 per call in statutory damages arising from TBCC 305.053 intentional violations for twenty-three (23) calls

H.    An award of $500 per call in statutory damages arising from TBCC 304.151(b)(3) for twenty-three (23) phone calls;

I.    An award to Plaintiff of damages, as allowed by law under the TCPA;

J.    An award to Plaintiff of damages, as allowed by law under the TBCC;

K.    An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity.

L.    Such further relief as the Court deems necessary, just, and proper

April 13, 2026,                                  Respectfully submitted,

 /s/ Brandon Callier

Brandon Callier
Plaintiff, Pro Se
1490A George Dieter Drive
#174
El Paso, TX 79928
915-383-4604
Callier74@gmail.com